United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41378
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

REYMUNDO TOLEDO-FLORES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-546-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Reymundo Toledo-Flores (Toledo) appeals the two-year

sentence imposed following his guilty-plea conviction for

improper entry by an alien.  Toledo argues that the district

court erred by imposing the eight-level increase in U.S.S.G.

§ 2L1.2(b)(1)(C) (2003) for having a prior aggravated felony

conviction.  Toledo contends that his Texas state conviction for

possession of cocaine is not a qualifying aggravated felony

because it is not a felony under the federal Controlled

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Substances Act. Although Toledo conceded before the district court that this argument was foreclosed by United States v. Rivera, 265 F.3d 310 (5th Cir. 2001), and United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997), on appeal he asserts that these decisions are not binding because they conflict with Jerome v. United States, 318 U.S. 101 (1943).

Our precedent is clear that Congress has made a "deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the [Controlled Substances Act]." United States v. Hernandez-Avalos, 251 F.3d 505, 510 (5th Cir. 2001) (internal quotation marks and citation omitted). A prior conviction for a state drug offense will qualify as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) if it is punishable under the Controlled Substances Act and it is punishable by more than a year of imprisonment under the applicable state law. See United States v. Sanchez-Villalobos, 412 F.3d 572, 576 (5th Cir. 2005). Toledo's prior offense meets this definition. See 21 U.S.C. § 844(a) (2003); TEX. HEALTH AND SAFETY CODE ANN. §§ 481.102(3)(D) & 481.115 (Vernon 2001); TEX. PENAL CODE ANN. § 12.35(a) (Vernon 2001). Accordingly, the judgment of the district court is AFFIRMED.