United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41749
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENCIO JIMENEZ-ESTEBAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-317-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Florencio Jimenez-Esteban (Jimenez) appeals from his guilty

plea conviction and sentence for illegal reentry following

deportation in violation of 8 U.S.C. § 1326. Jimenez argues that

the district court misapplied the Sentencing Guidelines by

characterizing his state felony conviction for possession of a

controlled substance as an "aggravated felony" for purposes of

U.S.S.G. § 2L1.2(b)(1)(C). Jimenez's argument is unavailing in

light of circuit precedent. See United States v. Hinojosa-Lopez,

130 F.3d 691, 693-94 (5th Cir. 1997). Jimenez also argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this circuit's precedent is inconsistent with <u>Jerome v. United States</u>, 318 U.S. 101 (1943). Having preceded <u>Hinojosa-Lopez</u>, <u>Jerome</u> is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999). Jimenez requests that this case be held pending a decision in <u>United States v. Toledo-Flores</u>, 149 F. App'x 241 (5th Cir. 2005), <u>cert. granted</u>, 126 S. Ct. 1652 (2006). The grant of certiorari does not alter the authority of this court's decisions; thus, this court continues to follow its precedent even when the Supreme Court grants certiorari on an issue. <u>Wicker v. McCotter</u>, 798 F.2d 155, 157-58 (5th Cir. 1986). Jimenez's argument is without merit.

Jimenez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Jimenez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Jimenez properly concedes that his argument is foreclosed by

<u>Almendarez-Torres</u> and circuit precedent, but he raises it here solely to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.