United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50029
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VERASTEGUI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-139-ALL
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Verastegui appeals from his guilty-plea convictions and
sentences for being a felon in possession of a firearm and
unlawful reentry of a deported alien.  He argues that his
sentences were unreasonable because they exceeded the advisory
guideline range, they were based upon improper departure factors,
they were greater than necessary to meet the sentencing goals of
18 U.S.C. § 3553(a)(2), and they were based upon a guideline
calculation error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the advisory guideline range was 63 to 78 months of imprisonment, the district court utilized an upward departure and a variance to sentence Verastegui to concurrent terms of 120 months of imprisonment. The district court held that the upward departure was warranted pursuant to U.S.S.G. § 4A1.3 because Verastegui's criminal history category did not adequately describe his criminal conduct. The court also held that a variance was warranted in order to meet the factors set forth in 18 U.S.C. § 3553(a)(1) and (2), thereby necessitating a non-Guideline sentence. Verastegui has failed to show that the district court abused its discretion by departing upwardly or that his non-Guideline sentence was unreasonable. See United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir. 2006); United States v. Smith, 440 F.3d 704, 708-10 (5th Cir. 2006). Moreover, as conceded by Verastegui, his challenge to the adjustment set forth in U.S.S.G. § 2L1.2(b)(1)(C) is foreclosed by this court's holding in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). He raises this issue in order to preserve it in light of the Supreme Court's grant of certiorari regarding this issue in United States v. Toledo-Flores, 149 F. App'x 241 (5th Cir. 2005), cert. granted, 126 S. Ct. 1652 (2006).

Verastegui argues that 18 U.S.C. § 922(g) is facially unconstitutional and unconstitutional as applied because the Government failed to establish the interstate commerce element.

Verastegui concedes that his constitutional challenge is foreclosed by circuit precedent, and he raises it only to preserve it for review by the Supreme Court. See United States v. Guidry, 406 F.3d 314, 318-19 (5th Cir.), cert. denied, 126 S. Ct. 190 (2005); United States v. Daugherty, 264 F.3d 513, 318 (5th Cir. 2001); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).

Verastegui also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Verastegui contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Verastegui properly concedes that his argument is foreclosed by Almendarez-Torres and circuit precedent, but he raises it here solely to preserve it for further review.

AFFIRMED.