United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40278
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS RIVERA-ALVAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-459
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Elias Rivera-Alvarez appeals from his guilty plea conviction
and sentence for illegal reentry following deportation in
violation of 8 U.S.C. § 1326. Rivera-Alvarez argues that the
district court misapplied the Sentencing Guidelines by
characterizing his state felony conviction for possession of a
controlled substance as an "aggravated felony" for purposes of
U.S.S.G. § 2L1.2(b)(1)(C). Rivera-Alvarez's argument is
unavailing in light of circuit precedent. See United States v.
Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). Rivera-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alvarez argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943). Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Rivera-Alvarez requests that this case be held pending a decision in United States v. Toledo-Flores, 149 F. App'x 241 (5th Cir. 2005), cert. granted, 126 S. Ct. 1652 (2006). The grant of certiorari does not alter the authority of this court's decisions; thus, this court continues to follow its precedent even when the Supreme Court grants certiorari on an issue. See Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986). Rivera-Alvarez's argument is without merit.

Rivera-Alvarez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rivera-Alvarez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rivera-Alvarez properly concedes that

his argument is foreclosed by <u>Almendarez-Torres</u> and circuit precedent, but he raises it here solely to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.