United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-41627

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO ESTRADA-MENDOZA, also known as Ignacio Chavez-Mendoza,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-997-ALL
--------------------

Before HIGGINBOTHAM, SMITH, and DEMOSS, Circuit Judges.

PER CURIAM:

Pablo Estrada-Mendoza (Estrada) pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Estrada's presentence investigation report (PSR) set his base offense level at 8 and added 8 levels for his prior Texas felony conviction for possession of a controlled substance, which the PSR characterized as an "aggravated felony" under U.S.S.G. § 2L1.2(B)(1)(C). After a 3-level reduction for acceptance of responsibility, Estrada's total offense level was 13. With a criminal history category of VI, his sentencing guidelines imprisonment range was 33 to 41 months.

Estrada objected to the 8-level increase for the controlled substance offense on the ground that it should not be considered an aggravated felony because, although it was a felony under Texas law, it would be a misdemeanor under the federal Controlled Substances Act (CSA). The district court overruled the objection and sentenced Estrada to serve 33 months in prison. Applying the recent decision of the Supreme Court in Lopez v. Gonzales, 2006 WL 3487031 (U.S. Dec. 5, 2006), we vacate in part and remand for resentencing.

The district court's ruling on Estrada's objection was consistent with our holding in United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997). In that case, we held that the § 2L1.2 increase for an aggravated felony is proper for a prior state felony drug conviction even though the same conduct would be a misdemeanor under the CSA. Hinojosa-Lopez, 130 F.3d at 693-94.

This court has repeatedly relied on the holding of Hinojosa-Lopez to dispose of criminal cases with the same issue. One of those cases is United States v. Toledo-Flores, 149 F. App'x 241, 242 (5th Cir. 2005). Reymundo Toldeo-Flores had been convicted of illegal entry. On appeal, he argued that his state felony conviction for possession of cocaine did not qualify as an aggravated felony because it was a misdemeanor under the CSA. We affirmed, relying on Hinojosa-Lopez. Id.

In an unrelated case, the Eighth Circuit affirmed the Board of Immigration Appeals' order removing alien Jose Antonio Lopez on the

ground that he had previously been convicted of an aggravated felony under the Immigration and Nationality Act (INA). Lopez v. Gonzales, 417 F.3d 934, 937 (8th Cir. 2005). Lopez's aggravated felony was a state drug felony, but the same conduct would be a misdemeanor under the CSA. Id.

Both Toledo-Flores and Lopez petitioned the Supreme Court for writs of certiorari, arguing that Hinojosa-Lopez and similar cases were wrongly decided. Brief of Petitioner, Toledo-Flores v. United States, No. 05-7664, 2005 WL 3940988, *11 (U.S. Nov. 15, 2005); Brief of Petitioner, Lopez v. Gonzales, No. 05-547, 2005 WL 2875037, *13-15 (U.S. Oct. 31, 2005). The Supreme Court granted certiorari in both cases and heard oral argument in both on the same day. Toledo-Flores v. United States, 126 S. Ct. 1652 (2006); Lopez v. Gonzales, 126 S. Ct. 1651 (2006). The Supreme Court thereafter dismissed the writ of certiorari in Toledo-Flores as improvidently granted, 2006 WL 3487254 (Dec. 5, 2006), and, on the same day, issued an opinion in Lopez, 2006 WL 3487031.

The Supreme Court began its opinion by stating that whether a crime is an "aggravated felony" has implications under both the section of the INA at issue in that case and the section of the Guidelines at issue in this one, the latter because the Guidelines adopted the INA definition of "aggravated felony." Id. at *2. It then stated that it had granted certiorari in Lopez to resolve a circuit split, citing Hinojosa-Lopez and other cases, both criminal and immigration. Id. at *3 n.3. The Court then analyzed whether

an alien may be penalized under the INA for an "aggravated felony" when the crime was a felony under state law but would be a misdemeanor under the CSA. Id. at *3-7.

The Supreme Court's analysis began with the provision of the INA that penalizes an alien for a prior "aggravated felony" if the alien had been convicted of "illicit trafficking in a controlled substance...including a drug trafficking crime (as defined in section 924(c) of title 18)." 8 U.S.C. § 1101(a)(43)(B); Lopez, 2006 WL 3487031, *3. Under 18 U.S.C. § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act . . . ." Lopez, 2006 WL 3487031, *3. Mere possession of a controlled substance is not a felony under the CSA. 21 U.S.C. § 844(a); Lopez, 2006 WL 3487031, *3. The Supreme Court held, therefore, that the INA, 8 U.S.C. § 1101(a)(43)(B), does not penalize an alien for mere possession of a controlled substance. Lopez, 2006 WL 3487031, *7. The Court reversed the Eight Circuit's judgment affirming the BIA's order removing Lopez. Id.

Given the Court's reference to the Guidelines, its citation to Hinojosa-Lopez, and its interpretation of a phrase directly adopted by the Guidelines, Lopez ineluctably applies with equal force to immigration and criminal cases. The Government agrees. As Estrada was sentenced under now-rejected jurisprudence, we vacate his sentence and remand for resentencing.

Estrada also challenges his conviction and sentence by arguing that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), §

1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Estrada concedes as much, but he raises the argument to preserve it for further review.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.[1]

---

[1] All pending motions are denied.