United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 05-11087
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MAURICIO ORDUNO-GOMEZ, also known as Carlos Mauricio
Orduno Gomez, also known as Carlos Oruno, also known as Christian
Cardoza,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
(4:05-CR-28-ALL)

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carlos Mauricio Orduno-Gomez appeals his guilty-plea conviction and subsequent sentence for illegal reentry.

Orduno's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Orduno contends *Almendarez-Torres* was incorrectly decided and a majority of the Supreme Court would overrule it in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), we have repeatedly rejected such contentions because ***Almendarez-Torres*** remains binding. *See, e.g.,* ***United States v. Garza-Lopez***, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Orduno properly concedes his claim is foreclosed in the light of ***Almendarez-Torres*** and circuit precedent; he raises it only to preserve it for further review.

The district court erred in enhancing Orduno's sentence pursuant to U.S.S.G. § 2L1.2(b(1)(C) by determining his state conviction for simple possession of a controlled substance was an "aggravated felony". *See* ***United States v. Estrada-Mendoza***, __F.3d__, No. 05-41627, 2007 WL 6583, *2 (5th Cir. 3 Jan. 2007). Consequently, Orduno's sentence is vacated and this matter remanded for resentencing. ***Id.***

Accordingly, we need *not* reach his claim, raised for the first time on appeal, that restricting the U.S.S.G. § 5K3.1 early-disposition program to certain geographical locations violated his due-process and equal-protection rights. *See* ***United States v. Akpan***, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*