United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40449
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN AREVALO-SANCHEZ, also known as
Javier Cuevas-Karr,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-864
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Juan Arevalo-Sanchez appeals from his guilty plea conviction
and sentence for illegal reentry after deportation and following
a conviction for an aggravated felony, in violation of 8 U.S.C.
§ 1326.  Arevalo-Sanchez's constitutional challenge to § 1326(b)
is foreclosed by Almendarez-Torres v. United States, 523 U.S.
224, 235 (1998).  Although Arevalo-Sanchez contends that
Almendarez-Torres was incorrectly decided and that a majority of
the Supreme Court would overrule Almendarez-Torres in light of

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Arevalo-Sanchez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Arevalo-Sanchez contends that his 1993 and 1995 convictions for simple possession of a controlled substance should not have been treated as aggravated felonies for purposes of an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). During the pendency of this case, the Supreme Court decided Lopez v. Gonzales, 127 S. Ct. 625, 633 (2006), which held that a state offense meets the definition of a "'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." In the light of Lopez, Arevalo-Sanchez's argument has merit. See United States v. Estrada-Mendoza, 475 F.3d 258, No. 05-41627, 2007 WL 6583, at *2 (5th Cir. Jan. 3, 2007). Arevalo-Sanchez's unopposed motion to remand his case for resentencing is GRANTED. Arevalo-Sanchez's conviction is AFFIRMED; Arevalo-Sanchez's sentence is VACATED and REMANDED for resentencing in accordance with Lopez. We express no opinion on the issue whether the § 2L1.2(b)(1)(C) enhancement was appropriate because Arevalo-Sanchez's 1995 possession offense qualified as "recidivist possession." See Lopez, 127 S. Ct. at 630 n.6; United States v. Sanchez-Villalobos, 412 F.3d 572, 576-77 (5th Cir. 2005).