United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40576
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOBO OSWALDO ORO-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-1072--ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jacobo Oswaldo Oro-Hernandez (Oro) appeals his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326, and resulting 28-month sentence. Oro's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Oro contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Oro properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Oro next argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. <u>United States v. Carmichael</u>, 343 F.3d 756, 761-62 (5th Cir. 2003). Accordingly, this portion of the appeal is dismissed for lack of jurisdiction. <u>See</u> <u>id.</u> at 762.

Oro additionally argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Given the Supreme Court's recent decision in <u>Lopez v. Gonzales</u>, 127 S. Ct. 625 (2006), Oro is correct. <u>See</u> <u>United States v. Estrada-Mendoza</u>, 475 F.3d 258, 259-61 (5th Cir. 2007). His conviction is affirmed. His sentence is vacated, and the case is remanded for resentencing. Oro's motion to summarily affirm in part and to vacate in part is denied as moot.

CONVICTION AFFIRMED; APPEAL DISMISSED IN PART; SENTENCE VACATED AND REMANDED FOR RESENTENCING; MOTION DENIED.