United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41112
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAFAEL GUTIERREZ-RAMIREZ,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-175
---------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rafael Gutierrez-Ramirez appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Gutierrez-Ramirez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Gutierrez-Ramirez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gutierrez-Ramirez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Gutierrez-Ramirez also contends that the district court erred when it characterized his prior state felony conviction for simple possession of marijuana as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). We review Gutierrez-Ramirez's challenge to the district court's application of the Sentencing Guidelines de novo. See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

In light of the Supreme Court's recent decision in Lopez v. Gonzales, 127 S. Ct. 625 (2006), Gutierrez-Ramirez's argument has merit. See United States v. Estrada-Mendoza, 475 F.3d 258, 259-61 (5th Cir. 2007). Accordingly, Gutierrez-Ramirez's sentence is vacated, and the case is remanded for resentencing in light of Lopez.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.