United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-40127
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE CONTRERAS-JIMENEZ,

Defendant-Appellant,

Appeal from the United States District Court
For the Southern District of Texas
2:05-CR-587-ALL

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

The Appellant Jose Contreras-Jimenez ("Contreras") pleaded guilty to being illegally present in the United States following deportation, in violation of 8 U.S.C. § 1326(a) & (b). On December

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

27, 2004, the district court sentenced him to serve 15 months in the custody of the Bureau of Prisons followed by 3 years of supervised release.

Contreras appealed from the judgment of conviction and sentence, arguing that his prior conviction for possession of a controlled substance was not an aggravated felony and challenging the constitutionality of the sentencing enhancement he received based on this finding. We affirmed the judgment.[1]

Contreras filed a timely petition for a writ of certiorari with the United States Supreme Court. The Court granted the petition, vacated our judgment, and remanded the case to this court for further consideration in light of Lopez v. Gonzales.[2]

In Lopez, the Supreme Court held that a state felony conviction for simple possession of a controlled substance that was not punishable as a felony under the federal Controlled Substances Act was not a "drug trafficking crime" under 18 U.S.C. § 924(c) and hence not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B).[3]

Contreras argues that, in light of Lopez, his conviction for possession of a controlled substance does not qualify as an aggravated felony because that crime was punishable only as a misdemeanor under the federal Controlled Substances Act and,

[1]See United States v. Contreras-Jimenez, 195 F.App'x 271 (5th Cir. 2006).

[2]127 S.Ct. 625 (2006).

[3]Lopez, 127 S.Ct. At 629-633.

accordingly, the district court erred in enhancing his sentence based on the conviction.

On remand, the parties advise that Contreras completed the imprisonment component of his sentence and was deported to Mexico, although his term of supervised release is ongoing. Under these circumstances, even assuming <u>Lopez</u> error, because the defendant has been deported and is unable (without the permission of the Attorney General) to reenter the United States and be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot.[4] The appeal is therefore DISMISSED.

---

[4] <u>See</u> <u>United States v. Rosenbaum-Alanis</u>, --F.3d ---, 2007 WL 926832 (5th Cir. March 29, 2007).