United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-40278
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                          versus

ELIAS RIVERA-ALVAREZ,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(05-CR-459)

_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        This court previously affirmed the conviction and sentence of

the Appellant, Elias Rivera-Alvarez ("Rivera").  United States v.

Rivera-Alvarez, 202 Fed.Appx. 830 (5th Cir. 2006).  The Supreme

Court vacated and remanded the case for reconsideration in the

light of Lopez v. Gonzales, 127 S.Ct. 625 (2006).  Ochoa-Perez v.

United States, 127 S.Ct. 1263 (2007).  Following the Supreme

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court's remand, we requested and received supplemental letter briefs from both parties with respect to the impact of <u>Lopez</u>.

In the light of <u>Lopez</u>, the district court erred by enhancing Rivera's sentence based on his Texas conviction for possession of cocaine. Because Rivera has completed service of his term of imprisonment and was released by the Bureau of Prisons on August 31, 2006, any argument that the sentence of imprisonment should be reduced is moot and the only portion of the sentence remaining for consideration is Rivera's term of supervised release.

However, as both parties noted in their supplemental letter briefs, Rivera presumably has been deported. In order to resentence him and reduce his term of supervised release, Federal Rule of Criminal Procedure 43 requires the defendant to be present and have the opportunity to allocute. Because Rivera has been deported and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding, there is no relief we are able to grant Rivera and his appeal is moot. <u>See</u> <u>United States v. Rosenbaum-Alanis</u>, No. 05-41400, 2007 WL 926832 (5th Cir. March 29, 2007). Rivera asserts that <u>Rosenbaum-Alanis</u> was wrongly decided, and wishes to preserve the issue for further review. Nevertheless, for purposes of this appeal, it remains binding precedent. Accordingly, the appeal is

DISMISSED.

2