United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40782
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIO CONTRERAS-NAVARRO, also known as Julien Chapa, also known
as Julien Chappa, also known as Jose Ignacio Chappa, also known
as Luccio Contreras,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1130-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lucio Contreras-Navarro (Contreras) appeals the 27 month

sentence imposed following his guilty plea conviction for illegal

reentry, in violation of 8 U.S.C. § 1326.  He argues that the

"felony" and "aggravated felony" provisions of § 1326(b) are

unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

(2000).  He also argues that the district court erroneously

characterized his prior state conviction for transportation/sale

of a controlled substance as an aggravated felony, which

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increased his offense level by eight pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

Contreras's challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Contreras contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Contreras properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

We review Contreras's challenge to the district court's application of the Sentencing Guidelines de novo. See United States v. Villegas, 404 F.3d 355, 359-61 (5th Cir. 2005). As the Government concedes, Contreras's argument has merit in light of the Supreme Court's recent decision in Lopez v. Gonzales, 127 S. Ct. 625 (2006). See United States v. Estrada-Mendoza, 475 F.3d 258, 259-61 (5th Cir.), cert. denied, 127 S. Ct. 1845 (2007). Accordingly, Contreras's sentence is vacated, and the case is remanded for resentencing in light of Lopez.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.