United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41464
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO REYNA PULIDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-96
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alfredo Reyna Pulido appeals his guilty-plea conviction and 30-month sentence for illegal reentry, in violation of 8 U.S.C. § 1326.  His constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Reyna Pulido contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005).  Reyna Pulido properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Reyna Pulido additionally argues, for the first time on appeal, that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C).  Given the Supreme Court's recent decision in <u>Lopez v. Gonzales</u>, 127 S. Ct. 625 (2006), Reyna Pulido is correct.  <u>See</u> <u>United States v. Estrada-Mendoza</u>, 475 F.3d 258, 259-61 (5th Cir.), <u>cert. denied</u>, 127 S. Ct. 1845 (2007).  His conviction is affirmed.  His sentence is vacated, and the case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.