United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40229
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN DOMINGUEZ-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-731-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges,

PER CURIAM:[*]

Juan Dominguez-Hernandez appeals from his 37-month sentence resulting from his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.

Dominguez-Hernandez argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1). Given the Supreme Court's recent decision in Lopez v. Gonzales, 127 S. Ct. 625 (2006), Dominguez-Hernandez is correct. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Estrada-Mendoza, 475 F.3d 258, 260-61 (5th Cir.), cert. denied, 127 S. Ct. 1845 (2007). Dominguez-Hernandez's sentence is vacated as to the § 2L1.2(b)(1) adjustment, and the case is remanded for resentencing.

Dominguez-Hernandez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Dominguez-Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Dominguez-Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Dominguez-Hernandez's motion to summarily affirm in part and to vacate in part and remand for resentencing is denied as moot.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR RESENTENCING; MOTION DENIED AS MOOT.