# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51248
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO MARTINEZ-JIMENEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-335-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mario Martinez-Jimenez (Martinez) appeals the sentence imposed by the district court following his guilty-plea conviction for illegal reentry into the United States following deportation. Martinez argues that the district court erred by increasing his offense level under U.S.S.G. § 2L1.2(b)(1)(C) on the ground that his 2005 Texas cocaine-possession conviction was an aggravated felony. We review Martinez's challenge to the district court's application of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines de novo.  See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Following the Supreme Court's decision in Lopez v. Gonzales, 127 S. Ct. 625 (2006), this court decided United States v. Estrada-Mendoza, 475 F.3d 258, 259-61 (5th Cir. 2007), and vacated in part and remanded for resentencing based on the appellant's challenge to the treatment of his prior Texas felony conviction for possession of a controlled substance as a drug-trafficking offense and, thus, an aggravated felony.   Estrada-Mendoza directly controls the instant case.

Although the Government does not contest Martinez's contention that his 2005 conviction was not a drug-trafficking offense, it argues that Martinez's argument "ignores the recidivist possession exception noted by the Supreme court in Lopez."  Under § 844(a), simple possession of a controlled substance, if such offense is committed "after a prior conviction" is punishable as an aggravated felony.  Lopez, 127 S. Ct. at 630 n.6.   The Government's argument is factually flawed, however, because Martinez's  marijuana-possession conviction was in 2006, which was after the 2005 cocaine-possession conviction. Thus, the  conviction that formed the basis for the enhancement did not occur "after a prior conviction" under § 844(a).   Martinez's sentence is VACATED and the case is REMANDED for resentencing, consistent with Lopez and Estrada-Mendoza.