United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41297
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

JESUS MARIA GALVAN-LOZANO,
Also Known as Jesus Lozano-Rosales,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:06-CR-397-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.
PER CURIAM:[*]

Jesus Galvan-Lozano appeals the sentence he received following his guilty-plea conviction of illegal reentry in violation of 8 U.S.C. § 1326. His constitu-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), this court has repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873, 2874 (2006).

We recently held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625-27 (5th Cir. 2007). Galvan-Lozano properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Galvan-Lozano additionally renews his argument that the district court misapplied the sentencing guidelines by characterizing his state felony drug convictions as "aggravated felonies" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). In light of Lopez v. Gonzales, 127 S. Ct. 625 (2006), Galvan is correct that his conviction of simple possession is not an aggravated felony. See United States v. Estrada-Mendoza, 475 F.3d 258, 259-61 (5th Cir.), cert. denied, 127 S. Ct. 1845 (2007). Similarly, the conviction of "selling/transporting/offering to sell" a controlled substance under California Health and Safety Code § 11352 is not an aggravated felony. See id.; see also United States v. Guitierrez-Ramirez, 405 F.3d 352, 355 (5th Cir. 2005).

The government concedes that neither of Galvan's California drug convictions, standing alone, is an aggravated felony, but the government contends that the enhancement is nevertheless appropriate because the two convictions can be considered together as the equivalent of the offense of recidivist possession under 21 U.S.C. § 844(a), which is an aggravated felony under the Controlled Sub-

stance Act ("CSA") and therefore also an aggravated felony under the guidelines. The government has failed to meet its burden of showing beyond a reasonable doubt that the error was harmless. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005); FED. R. CRIM. P. 52(a); see also Neder v. United States, 527 U.S. 1, 15 (1999).

The government provides no authority from this or any other circuit to support its assertion that a court of appeals may affirm a § 2L1.2 enhancement based on drug convictions, which were not individually aggravated felonies, on the ground that the convictions together are the equivalent of a recidivist possession conviction, an aggravated felony under the CSA. Neither does the government provide record evidence demonstrating beyond a reasonable doubt that the district court would have imposed the same sentence but for its erroneous conclusion that the California drug convictions were individual aggravated felonies.

The conviction is AFFIRMED. The sentence is VACATED, and this matter is REMANDED for resentencing.