# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-41018
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE FRANKLIN PENA-HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No.5:06-CR-291-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Jose Pena-Hernandez appeals his guilty-plea conviction of and sentence for illegally reentering the United States in violation of 8 U.S.C. § 1326. He raises two arguments, both of which he concedes are foreclosed. First, he con-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tends that the presumption of reasonableness afforded by this court to sentences within the sentencing guideline range is unconstitutional under United States v. Booker, 543 U.S. 220 (2005). This argument is confuted by Rita v. United States, 127 S. Ct. 2456, 2462 (2007), which holds that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Pena-Hernandez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202). Accord United States v. Galvan-Lozano, No. 06-41297, 2007 U.S. App. LEXIS 21849, at *1-*2 (5th Cir. Sept. 12, 2007) (per curiam).

AFFIRMED.