IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-41106
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR IVAN BAUTISTA-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-172-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Ivan Bautista-Gonzalez appeals the 24-month sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Bautista-Gonzalez contends that the district court misapplied the Sentencing Guidelines by characterizing his prior Texas state felony drug conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Given the Supreme Court's decision in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez v. Gonzales, 127 S. Ct. 625 (2006), Bautista-Gonzalez is correct that his prior conviction is not an aggravated felony. See United States v. Estrada-Mendoza, 475 F.3d 258, 259-61 (5th Cir. 2007).

The Government concedes that the district court erred in characterizing the state offense as an aggravated felony and in imposing an eight-level increase pursuant to § 2L1.2(b)(1)(C), but contends that the error was harmless. The Government has failed to meet its burden of showing that the error was harmless. See FED. R. CRIM. P. 52(a); United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005).

We VACATE Bautista-Gonzalez's sentence and REMAND for resentencing.