**UNITED STATES of America, Appellee,**

v.

**Ritchie Daryl LAVENDER, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Jerry Eugene ROSS, Appellant.**

**Nos. 78–5209, 78–5210.**

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1979.

Decided July 9, 1979.

Before BRYAN, Senior Circuit Judge, HALL, Circuit Judge and MacKENZIE, District Judge * for the Eastern District of Virginia.

ALBERT V. BRYAN, Senior Circuit Judge:

Ritchie D. Lavender and Jerry E. Ross appeal their convictions on two counts of a three-count indictment.[1] Their offenses were laid as committed, during October 1977, "within the territorial jurisdiction of the United States of America," specifically, on the Blue Ridge Parkway in the Western District of Virginia.

They were arraigned under the first count for the unlawful and felonious breaking and entering of the dwelling of another, with intent to commit larceny, contrary to Va. Code § 18.2–91 (1975 Repl. Vol.), as embraced by the Assimilative Crimes Act, 18 U.S.C. §§ 13 and 2.[2] The second count accused the appellants of grand larceny of property "having a value greater than $100, all in violation of 18.2–95 Code of Virginia *as authorized by Title 18, United States Code, Sections 13 and 2.*" (Accent added.)

The convictions of each appellant were consolidated for sentencing. The District Court ordered Ross imprisoned for a period of 12 years, with parole eligibility after three years. Lavender was institutionalized for treatment and supervision pursuant to the provisions of 18 U.S.C. §§ 5010(b) and 5017 (1976).

Ample evidence supports the convictions on both counts. However, on the second there is an *apparent*, although not *real*, infirmity, in that, it rested on the Virginia statute, as if the Assimilative Crimes Act permitted it. Actually, the

Roy V. Creasey, Roanoke, Va., for appellant Ritchie Daryl Lavender.

George I. Vogel, II, Roanoke, Va. (Wilson, Hawthorne & Vogel, Roanoke, Va., on brief), for appellant Jerry Eugene Ross.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va. (Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., on brief), for appellee.

---

* Sitting by designation.

1. The third count, for violation of Va. Code § 18.2–94 (1975), authorized by 18 U.S.C. §§ 13 and 2, was dismissed prior to trial. *United States v. Lavender*, No. 78–00022 (W.D.Va. Aug. 8, 1978).

2. 18 U.S.C. § 13 (1948) reads as follows:
   Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.
   18 U.S.C. § 2 (1951) (under Section 2, aiders and abettors become punishable as principals).

State law was not invocable because the Count 2 offenses were already "punishable by . . . [an] enactment of Congress" —18 U.S.C. § 661 (1948) [3]—and so excluded from assimilation. *United States v. Pardee*, 368 F.2d 368, 372 (4th Cir. 1966); *King v. Gemini Food Services, Inc.*, 438 F.Supp. 964, 966 (E.D.Va. 1976), *aff'd*, 562 F.2d 297 (4th Cir. 1977), *cert. denied*, 434 U.S. 1065, 98 S.Ct. 1242, 55 L.Ed.2d 766 (1978). However, the indictment and evidence plainly informed the defendants of the charges and they were tried under Count 2 conformably with the Federal statute. Thus the conviction under Count 2 is not invalidated. *United States v. Word*, 519 F.2d 612, 618 (8th Cir.), *cert. denied*, 423 U.S. 934, 96 S.Ct. 290, 46 L.Ed.2d 265 (1975). Nevertheless, since the convictions of each defendant were joined for sentencing, in order to avoid any question of the validity of the sentences, we vacate all of them on the two counts, and remand the case to the District Court for the resentencing of Lavender and Ross on both counts.

The evidence is clear and simple. While proceeding along the Blue Ridge Parkway—a United States park—in their "Winnebago" mobile home, the occupant-family stopped at an overlook to take a hike. Returning to lock the vehicle, the owner observed two men drive to the overlook, get out and stand by their car. Afterwards, the Winnebago's owner rejoined his family. When they came back to the vehicle, they discovered its door lock had been broken and $125 in legal currency, mostly crisp, new money, and a phony $20 bill had been stolen from it. Acting on a description broadcast by rangers, a park technician stopped defendants' car and noticed a fake $20 bill in plain view on the front seat. Defendants consented to a search of their automobile. Several new, genuine $20 bills and some screwdrivers were seized.

Regarding the breaking and entering conviction, we reject defendants' claim that the evidence was insufficient because the mobile home was not a "dwelling" at the time of the theft. It is enough for us to state that the Winnebago's owner testified that he used it as a home when he was on the road. Additionally, it was appropriately equipped for that purpose.

We also overrule defendants' argument that proof that the offense had occurred on the Blue Ridge Parkway was not adequate to establish that it happened within the "special maritime and territorial jurisdiction of the United States," as defined in 18 U.S.C. § 7 (1952). Although defendants are correct in pointing out that the District Judge declined to take judicial notice that the Parkway was so located, this court may, and does, take judicial notice of commonly known facts, especially where there is testimony, as here, to the effect that the illegalities took place on the Parkway. *Markham v. United States*, 215 F.2d 56, 57 (4th Cir. 1954), *cert. denied*, 348 U.S. 939, 75 S.Ct. 360, 99 L.Ed. 735 (1955). We, therefore, judicially notice that the place of the crimes was within Federal jurisdiction.

Accordingly, the findings of the appellants' guilt under both counts are affirmed and the case is remanded for resentencing on both counts.

Affirmed in part; Vacated in part; and Remanded.

---

**3.** 18 U.S.C. § 661 reads:

Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both.