**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5030**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

COREY JERMAINE TROUPE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:07-cr-00046-HCM)

Submitted:  October 31, 2008      Decided:  December 10, 2008

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Frances H. Pratt, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Richard D. Cooke, William D. Muhr, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Corey Jermaine Troupe was convicted of possession with intent to distribute approximately 53.8 grams of cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2008) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2006) (Count Three). The district court sentenced Troupe to 164 months in prison on Count One, a consecutive sixty months in prison on Count Two, and 120 months in prison on Count Three, to be served concurrently with the other sentences, for a total of 224 months in prison. Troupe timely appealed.

At the close of the Government's evidence, Troupe filed a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Civil Procedure, contending that the Government had failed to establish venue. Specifically, the Government had presented evidence that the relevant events occurred in Greensville County, Virginia, but neglected to establish that Greensville County was in the Eastern District of Virginia. Rather than grant the Rule 29 motion, the district court permitted the Government to reopen its case to establish that Greensville County is in the Eastern District of Virginia.

2

Troupe contends on appeal that the district court erred by denying the Rule 29 motion and abused its discretion by permitting the Government to reopen its case to establish venue.

A court may take judicial notice that venue is proper in a particular district. United States v. Kelly, 535 F.3d 1229, 1235-36 (10th Cir. 2008); United States v. Greer, 440 F.3d 1267, 1272 (11th Cir. 2006); cf. United States v. Lavender, 602 F.2d 639, 641 (4th Cir. 1979) (holding that court may take judicial notice that crime occurred within federal jurisdiction). In light of the evidence that the events in question occurred in Greensville County, the district court could have taken judicial notice that proper venue had been established and denied the Rule 29 motion on this basis.

Rather than take judicial notice of proper venue, however, the district court took the additional step of permitting the Government to reopen its case to establish venue. A court may allow the Government to reopen its case-in-chief to present additional evidence after a defendant moves for judgment of acquittal, United States v. Gray, 405 F.3d 227, 238 n.5 (4th Cir. 2005), and its decision will be reviewed for abuse of discretion. United States v. Abbas, 74 F.3d 506, 510 (4th Cir. 1996). We find no abuse of discretion in the district court's decision to permit the Government to reopen its case-in-chief to establish proper venue.

3

Next, Troupe argues that the district court improperly permitted the Government to impeach him with a thirteen-year-old conviction, in violation of Rule 609 of the Federal Rules of Evidence. "Rule 609 is an impeachment rule which governs the admissibility of evidence of certain criminal convictions of a witness when offered to impeach that witness by proving character for untruthfulness." United States v. Norton, 26 F.3d 240, 243 (1st Cir. 1994). The rule does not govern the introduction of prior convictions offered to contradict specific testimony. Norton, 26 F.3d at 243-44; United States v. Leavis, 853 F.2d 215, 220 (4th Cir. 1988). Accordingly, when Troupe testified that he was not and never had been a drug dealer, Rule 609 did not prohibit the Government from introducing his thirteen-year-old conviction for possession with intent to distribute cocaine to contradict Troupe's claim.

Finally, Troupe asserts that the sentence imposed by the district court was unreasonable because the court miscalculated his guideline range. The Government agrees.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court first must ensure that the trial court did not commit any procedural error, such as "failing to calculate (or improperly

4

calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597. If the court finds the sentence to be procedurally sound, it then considers the substantive reasonableness of the sentence, taking into consideration the totality of the circumstances. Id.

Troupe received a base offense level of twenty-four under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2006). The guidelines establish a base offense level of twenty-four "if the defendant committed any part of the subject offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). The application notes direct that only felony convictions that are assigned criminal history points under USSG § 4A1.1(a), (b), or (c) should count for determining the base offense level under USSG § 2K2.1. USSG § 2K2.1 cmt. (n.10). One of the convictions used to establish Troupe's base offense level was a conviction for possession of cocaine with intent to distribute, which is not included within USSG § 4A1.1(a), (b), or (c). Accordingly, the district court erred by counting this offense in establishing Troupe's base offense level. Without

5

this error, Troupe's base offense level would have been twenty instead of twenty-four.  USSG § 2K2.1(a)(4)(A).

Troupe's offense level also was increased by four levels pursuant to USSG § 2K2.1(b)(6) for possessing the firearm in connection with another felony, namely drug distribution. However, where, as here, the defendant is convicted of a § 924(c) offense in addition to the § 922(g) offense, the § 2K2.1(b)(6) enhancement does not apply.  USSG § 2K2.4 cmt. (n.4)

With a corrected base offense level of twenty and placement in criminal history category VI, Troupe's properly calculated guideline range would have been seventy to eighty-seven months' imprisonment, rather than the 140 to 175 month guideline range calculated by the district court.  By failing to properly calculate Troupe's guideline range, we hold that the district court committed "significant procedural error." United States v. Matamoros-Modesta, 523 F.3d 260, 263 (4th Cir. 2008). We therefore conclude that the sentence imposed by the district court is unreasonable.

Accordingly, we affirm Troupe's convictions, but vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br>
<u>VACATED AND REMANDED IN PART</u>