**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5182**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

YANNICK PIERRE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:11-cr-00297-LMB-1)

_____

Submitted: April 18, 2013          Decided:  May 24, 2013

_____

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John L. Machado, LAW OFFICE OF JOHN MACHADO, Washington, D.C., for Appellant. Neil H. MacBride, United States Attorney, Timothy D. Belevetz, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yannick Pierre was found guilty, following a jury trial, on twelve counts of health care fraud in violation of 18 U.S.C. §§ 2, 1347 (2006). After Pierre's case had been docketed for appeal, the Government disclosed evidence that had not been presented to Pierre before trial, and we remanded for the limited purpose of directing the district court to consider Pierre's motion for a new trial. The district court denied the motion, and Pierre filed a new notice of appeal to encompass this decision. On appeal, Pierre argues that the district court erred when it denied her motions for acquittal and a new trial. We affirm.

First, Pierre contends that the district court improperly used its power to take judicial notice of the fact that Woodbridge, Virginia, is within the Eastern District of Virginia. Pierre argues that the Government was required to prove venue during its case in chief, and that the district court erred by supplying an element of the Government's case sua sponte. For this reason, Pierre contends that the district court erred when it denied her motion for judgment of acquittal filed pursuant to Fed. R. Crim. P. 29.

We review a district court's decision to deny a Rule 29 motion de novo. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). We note that "[a]s a general proposition,

2

venue is proper in any district where the subject crime was committed." United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005); see U.S. Const. art. III, § 2, cl. 3 (guaranteeing right of an accused person to be tried where crime was committed); U.S. Const. amend. VI (guaranteeing speedy trial in the district where the crime was committed); Fed. R. Crim. P. 18 (requiring prosecution to take place in the district where the crime was committed). Because venue is not an element of the offense, the government must establish it only by a preponderance of the evidence. Ebersole, 411 F.3d at 542; United States v. Smith, 198 F.3d 377, 382 (2d Cir. 1999). A district court may take judicial notice that venue is proper in a particular district. United States v. Kelly, 535 F.3d 1229, 1235-36 (10th Cir. 2008); United States v. Greer, 440 F.3d 1267, 1272 (11th Cir. 2006); cf. United States v. Lavender, 602 F.2d 639, 641 (4th Cir. 1979) (finding that court may take judicial notice that crime occurred within federal jurisdiction). Because venue is not an element of the Government's case, we conclude that the district court did not err when it denied the motion for judgment of acquittal. See United States v. Troupe, 307 F. App'x 715, 717 (4th Cir. 2008) (noting that a district court may take judicial notice of venue even after the close of the government's evidence).

3

Pierre also contends that the district court erred when it denied her motion for a new trial based on newly discovered evidence pursuant to Fed. R. Crim. P. 33. We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). To receive a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered; (2) she has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal. See id. Unless the defendant demonstrates all five of these factors, the motion should be denied. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). Alternatively, Pierre alleges that she is entitled to a new trial under Brady v. Maryland, 373 U.S. 83 (1963).

Under either ground for relief, the issue in this case is whether the new evidence, which tends to impeach a Government witness, is material. Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (internal citations and quotation marks omitted). A reasonable

4

probability is one sufficient to "undermine confidence" in the outcome. Id. at 434 ("The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."). Upon review of the record, we conclude that the district court did not abuse its discretion when it denied Pierre's motion for a new trial because, considering the wealth of evidence pointing to Pierre's guilt, the newly discovered evidence does not undermine confidence in the verdict.

Accordingly, we affirm the district court's judgment and order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

5