**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4120**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORNELIUS JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:17-cr-00136-HEH-1)

Submitted:  September 24, 2018                    Decided:  October 4, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Gabrielle M. Michalak, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The United States charged Cornelius Johnson in a criminal information with simple assault, in violation of 18 U.S.C. § 113(a)(5) (2012), for an incident that occurred at the Hunter Holmes McGuire Veterans Administration Medical Hospital ("the McGuire VA Hospital") in Richmond, Virginia. Johnson was convicted of the charge in a bench trial before a magistrate judge and appealed to the district court. The district court affirmed Johnson's conviction. Johnson timely appealed.

Section 113(a)(5) prohibits simple assault "within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 113(a)(5). The "special maritime and territorial jurisdiction of the United States" includes:

> [a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

18 U.S.C. § 7(3) (2012). Johnson contends on appeal that the Government failed to establish at trial that the McGuire VA Hospital is within the special maritime and territorial jurisdiction of the United States and that the district court erred by taking judicial notice on appeal of the McGuire VA Hospital's status as being within the territorial jurisdiction of the United States.

Our review of the record on appeal and the district court's thorough explanation leads us to conclude that the district court did not err in taking judicial notice that the McGuire VA Hospital is within the special maritime and territorial jurisdiction of the United States. *See United States v. Davis*, 726 F.3d 357, 367 (2d Cir. 2013) ("whether a

2

particular plot of land falls within the special maritime and territorial jurisdiction of the United States is a 'legislative fact' that may be judicially noticed"); *United States v. Lavender*, 602 F.2d 639 (4th Cir. 1979) (appellate court may take judicial notice that Blue Ridge Parkway is within federal jurisdiction, even though lower court declined to do so).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*