**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4362**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO ALVAREZ-GRANADOS, a/k/a Hiriberto
Reyes-Macedo,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert J. Conrad, Jr.,
District Judge. (3:05-cr-00047)

———————

Submitted: May 11, 2007                  Decided: May 30, 2007

———————

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA,
INC., Charlotte, North Carolina, for Appellant. Gretchen C. F.
Shappert, United States Attorney, Jonathan A. Vogel, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Alvarez-Granados pled guilty to unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to sixty-four months imprisonment. Alvarez-Granados' appeal of his sentence raises two issues: (1) whether the district court plainly erred in sentencing him to more than two years imprisonment under 8 U.S.C. § 1326(b)(2) on the ground that he had previously been deported after conviction for an aggravated felony,[1] and (2) whether the district court erred in making a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2004), based on Alvarez-Granados' pre-deportation conviction of a California drug trafficking offense for which the sentence imposed was more than thirteen months. For the reasons explained below, we affirm the sentence.

Alvarez-Granados was deported in 1990, 1992, and 1995, each time after being convicted in California of a state drug offense. He was convicted once of felony sale or transportation of marijuana in violation of California Health & Safety Code § 11360(a) (West 2007), and twice of felony sale or transportation

---

[1]Title 8, section 1326(b)(2) provides a maximum sentence of twenty years for a defendant whose "removal was subsequent to a conviction for commission of an aggravated felony;" otherwise, the maximum sentence is two years under § 1326(a), or ten years under § 1326(b)(1) if the defendant was deported after conviction of a non-aggravated felony.

of a controlled substance (cocaine base) in violation of California Health & Safety Code § 11352(a) (West 2007).

Alvarez-Granados first suggests that he should not have been sentenced to more than two years imprisonment because his prior convictions were not aggravated felonies under 8 U.S.C. § 1326(b)(2), as defined in 8 U.S.C. § 1101(43)(B) or 18 U.S.C.A. § 924(c)(2) (West Supp. 2007). Because he did not raise this issue in the district court, we review the issue for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993). We conclude that, even if the district court erred in finding that Alvarez-Granados' prior offenses were aggravated felonies, the error did not affect his substantial rights because he had several times been deported subsequent to felony convictions. Regardless of the specific offense, these prior felony convictions subjected Alvarez-Granados to a ten-year maximum sentence under § 1326(b)(1).

Next, Alvarez-Granados contends that his prior convictions do not qualify as drug trafficking offenses under the definition set out in the commentary to § 2L1.2 because there is no reliable evidence as to the specific conduct underlying his convictions, and neither solicitation (offers to commit drug offenses) nor transportation of drugs, both possible bases for conviction under § 11352 and § 11360, are included in the § 2L1.2 definition of a drug trafficking offense. The district court's determination that a prior conviction qualifies as a drug

trafficking conviction under USSG § 2L1.2(b)(1)(A) is an issue of guideline interpretation which is reviewed de novo. United States v. Navidad-Marcos, 367 F.3d 903, 907 (9th Cir. 2004).

Generally, when the fact of a prior conviction does not categorically establish the nature of the prior offense, with the result that a fact about the prior conviction is in dispute, the sentencing court may consider only "the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented or other admissions of the defendant" to resolve the issue. United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005) (citing Shepard v. United States, 544 U.S. 13, 25 (2005)); see also Taylor v. United States, 495 U.S. 575 (1990).

However, Alvarez-Granados' prior convictions were unquestionably drug trafficking offenses under the current definition of the term in the commentary to § 2L1.2, which requires only that the defendant have been convicted under a statute that prohibits "the manufacture, import, export, distribution, or dispensing of a controlled substance," or possession of a controlled substance with the intent to do any of the above. USSG § 2L1.2, comment. (n.1(B)(iv)). Application Note 5 adds that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and

attempting to commit such offenses."  The California statutes under which Alvarez-Granados was convicted fall within this definition.

Alvarez-Granados relies on Ninth Circuit decisions that have held, pursuant to Taylor, that convictions under California Health & Safety Code § 11360(a) and similar California drug statutes do not categorically qualify as drug trafficking offenses under § 2L1.2 because the statutes are overbroad.  See, e.g., United States v. Almazan-Becerra, 482 F.3d 1085, 1088 (9th Cir. 2007); United States v. Rivera-Sanchez, 247 F.3d 905, 908-09 (9th Cir. 2001) (interpreting pre-2001 version of § 2L1.2).[2]  In Alvarez-Granados' case, the charging documents recite the range of conduct proscribed by California Health & Safety Code § 11352(a) and § 11360(a), but do not identify specifically what offense he committed.  Other available court documents relating to the offenses do not provide acceptably reliable evidence that Alvarez-Granados committed a drug trafficking crime under Ninth Circuit case law.

---

[2]Before the 2001 amendment, the sixteen-level enhancement in § 2L1.2 was triggered by a prior conviction for an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43) (2000).  Title 8, § 1101(a)(43)(B) provides that one type of "aggravated felony" is "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18). . . ."  Title 18, § 924(c) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

We agree with the government that a different approach is necessary in light of the current definition of a "drug trafficking offense" in § 2L1.2 and the fact that the acts prohibited in the California statute all come within its definition of a "drug trafficking offense." See United States v. Madera-Madera, 333 F.3d 1228, 1233 (11th Cir. 2003) (holding that "the question is not whether the wording of the [state] statute exactly matches the Application Note to the Guideline, but rather whether the federal definition of drug trafficking in the Guidelines is satisfied by [the state statute]"). Id.

The Ninth Circuit has rejected Madera-Madera as unpersuasive because it "failed to cite Taylor[ v. United States, 495 U.S. 575 (1990)] or undertake a proper Taylor categorical analysis." United States v. Villa-Lara, 451 F.3d 963, 965 n.2 (9th Cir. 2006). The Tenth Circuit has held that Madera-Madera's application is limited to the Georgia drug trafficking statute at issue in that case. United States v. Herrera-Roldan, 414 F.3d 1238, 1241-43 (10th Cir. 2005). However, these decisions overlook the fact that, for application of the sixteen-level enhancement, § 2L1.2 currently requires only that the defendant have been convicted of some offense (but not any particular offense) under a statute that "prohibits the manufacture, import, export, distribution or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to

manufacture, import, export, distribute or dispense." USSG § 2L1.2, comment. (n.1(B)(iv)). Alvarez-Granados' California convictions meet this requirement. The current § 2L1.2 definition does not require that the defendant have been convicted of a drug trafficking offense, only that he have been convicted of some offense under a statute that prohibits drug trafficking.

Alvarez-Granados' argument that he <u>might</u> have been convicted of a non-trafficking offense such as transportation of drugs for personal use makes sense only under the definition of drug trafficking offense that was used in § 2L1.2 before the 2001 amendment. It has no merit under the definition currently in use. <u>Cf.</u> <u>United States v. Mills</u>, ___ F.3d ___, 2007 WL 1310303, at *3-5 (4th Cir. May 7, 2007) (rejecting defendant's attempt to incorporate federal statutory definition of "counterfeit substance" into guideline where term is undefined and holding that omission of definition was intentional). Therefore, we conclude that the district court did not err in holding that Alvarez-Granados had previously been deported after being convicted of a drug trafficking crime as defined in § 2L1.2.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 7 -