**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

SANTOS MATAMOROS-MODESTA, a/k/a
Jose Perez Balrino,
                    *Defendant-Appellant.*

No. 07-4105

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

SANTOS MATAMOROS-MODESTA,
                    *Defendant-Appellant.*

No. 07-4118

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(5:05-cr-00226; 3:03-cr-00144)

Argued: February 1, 2008

Decided: April 10, 2008

Before MOTZ, KING, and GREGORY, Circuit Judges.

―――――――――――――――――――――――――――――――――

Vacated and remanded by published opinion. Judge King wrote the opinion, in which Judge Motz and Judge Gregory joined.

―――――――――――――――――――――――――――――――――

**COUNSEL**

**ARGUED:** Matthew R. Segal, FEDERAL DEFENDERS OF WEST-ERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Raquel K. Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

KING, Circuit Judge:

Santos Matamoros-Modesta appeals in No. 07-4105 from his thirty-seven-month sentence for illegal reentry into the United States after removal, in contravention of the Immigration and Nationality Act (the "INA"), specifically 8 U.S.C. § 1326. Matamoros-Modesta maintains that the district court erred — in the wake of the Supreme Court's decision in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006) — by enhancing his sentence for having previously been removed subsequent to an "aggravated felony" conviction. The Government has conceded that Matamoros-Modesta is entitled to relief on this issue. Because the parties' shared position is a valid one, we vacate the illegal reentry sentence and remand for resentencing.[1]

---

[1]Matamoros-Modesta also noted appeals in No. 07-4105 from his conviction for illegal reentry, and in No. 07-4118 from a revocation of supervised release and the resulting 366-day sentence. We do not consider these matters herein, however, because Matamoros-Modesta abandoned his challenge to the illegal reentry conviction by renouncing it at oral argument. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 176 n.15 (4th Cir. 2006). And, he abandoned any appellate contentions related to the supervised release revocation and resulting sentence by failing to address them in his opening brief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (citing Fed. R. App. P. 28(a)(9)(A)).

## I.

On July 27, 2005, a grand jury in the Western District of North Carolina charged Matamoros-Modesta in a single-count indictment with the INA offense of illegal reentry. The indictment specified that he was charged under 8 U.S.C. § 1326(a) and (b)(2).[2] On March 7, 2006, Matamoros-Modesta pleaded guilty to the offense as charged, without a written plea agreement. Thereafter, a presentence investigation report (the "PSR") was prepared for him. Applying the 2005 edition of the Sentencing Guidelines, the PSR assigned Matamoros-Modesta a base offense level of 8. *See* USSG § 2L1.2(a). The PSR then added an eight-level enhancement for having previously been removed following "a conviction for an aggravated felony." *Id.* § 2L1.2(b)(1)(C) (the "aggravated felony enhancement"). The PSR reflected two possible bases for the aggravated felony enhancement: (1) a 1998 conviction in Texas for possession of cocaine, and (2) a

---

[2]Subsection (a) of § 1326 provides, "[s]ubject to subsection (b)," that any alien who—

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Subsection (b), in turn, outlines enhanced criminal penalties for certain offenders. Under subsection (b)(2), "in the case of any alien . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under [Title 18], imprisoned not more than 20 years, or both."

prior federal conviction in 2004 for illegal reentry.[3] Finally, the PSR awarded a three-level adjustment for acceptance of responsibility, *id.* § 3E1.1, resulting in a total offense level of 13. With a criminal history category of V (based on a total of twelve criminal history points), the resulting advisory Guidelines range was thirty to thirty-seven months of imprisonment. The PSR identified the maximum statutory prison term as twenty years, citing subsection (b)(2) of 8 U.S.C. § 1326.

On December 18, 2006, the district court conducted a sentencing hearing for Matamoros-Modesta. At the start of the hearing, the court reaffirmed its acceptance of Matamoros-Modesta's guilty plea. Next, the court adopted the PSR, without objection from the parties (or any mention of the Supreme Court's decision in *Lopez v. Gonzales*, which had been issued two weeks earlier, on December 5, 2006). After considering the Sentencing Guidelines, as well as the factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence of thirty-seven months, at the high end of the Guidelines range. The court's Judgment reflects that Matamoros-Modesta was deemed guilty of and sentenced for illegal reentry, in contravention of 8 U.S.C. § 1326(a) and (b)(2). Matamoros-Modesta timely noted this appeal, which he has since limited to a *Lopez*-based challenge to his sentence.[4]

---

[3]The PSR also revealed that Matamoros-Modesta, while a juvenile, had been removed from the United States on November 19, 1997, after entering the country illegally. Matamoros-Modesta illegally reentered the United States and, after his 1998 conviction in Texas for cocaine possession, was removed on June 11, 1999. Following another illegal reentry into the United States, he was convicted of a number of offenses in South Carolina and North Carolina between 2000 and 2003. He also received his prior federal conviction in 2004 for illegal reentry. On March 17, 2005, Matamoros-Modesta was again removed. He illegally returned to the United States sometime between his last removal and his July 14, 2005 arrest on additional North Carolina charges of which he was subsequently convicted.

[4]Notably, although the indictment charged the INA offense of illegal reentry pursuant to 8 U.S.C. § 1326(a) and (b)(2), and the district court's Judgment reflects conviction under those same provisions, the Supreme Court has recognized that the substantive crime of illegal reentry is defined in subsection (a), and not subsection (b)(2). *See Almendarez-Torres v. United States*, 523 U.S. 224, 231-32 (1998). As the Court explained, subsection (b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." *Id.* at 226.

## II.

As a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 128 S. Ct. 586, 594 (2007). And, as the Court has instructed, "courts of appeals must review all sentences" — including those (like Matamoros-Modesta's) imposed within the advisory Sentencing Guidelines range — "under a deferential abuse-of-discretion standard." *Id.* at 591. At the first step of this review, as relevant here, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* at 597. Matamoros-Modesta contends and the Government concedes that, in light of *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), the district court committed significant procedural error in sentencing Matamoros-Modesta on his INA illegal reentry offense, by improperly applying the aggravated felony enhancement under section 2L1.2(b)(1)(C) of the Guidelines. In reviewing this issue, we first examine the *Lopez* decision. We then explain why *Lopez* indeed entitles Matamoros-Modesta to relief.[5]

## A.

In *Lopez v. Gonzales*, the Supreme Court assessed "whether conduct made a felony under state law but a misdemeanor under the Con-

---

[5]The parties have agreed that the district court committed plain error in sentencing Matamoros-Modesta. *See* Fed. R. Crim. P. 52(b) (providing that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention"); *United States v. Olano*, 507 U.S. 725, 732 (1993) (explaining that party seeking to overturn ruling on plain error review bears burden of demonstrating (1) error occurred, (2) it was plain, and (3) it affected his substantial rights, and that appellate court yet wields discretion to correct plain error). Accordingly, we do not endeavor to assess herein the proper post-*Booker* role of plain error review in sentencing appeals. *Cf. United States v. Vonner*, No. 05-5295, ___ F.3d ___ (6th Cir. Feb. 7, 2008) (en banc) (applying plain error test, over vigorous dissents, to contention that sentencing court committed procedural error by failing to adequately explain its rejection of defendant's arguments for leniency).

trolled Substances Act is a 'felony punishable under the Controlled Substances Act'" — and, thus, whether such a state offense is an "aggravated felony" for purposes of the INA. *See* 127 S. Ct. at 627-28. Significantly, the Court concluded that "it is not." *Id.* at 627.[6]

As the Court recognized, the INA makes an alien "guilty of an aggravated felony if he has been convicted of 'illicit trafficking in a controlled substance . . . including,' but not limited to, 'a drug trafficking crime (as defined in section 924(c) of title 18).'" *Lopez*, 127 S. Ct. at 629 (quoting 8 U.S.C. § 1101(a)(43)(B)) (alteration in original). For its part, 18 U.S.C. § 924(c) "defines 'drug trafficking crime,'" in relevant part, "as 'any felony punishable under the Controlled Substances Act.'" *Id.* (quoting 18 U.S.C. § 924(c)(2)). After a sweeping examination of this language, the Court held "that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law," *id.* at 633 — rejecting the proposition that the state offense, if categorized by the state as a felony, need only be "punishable" under the Controlled Substances Act, as a felony *or* misdemeanor, *id.* at 631.[7]

The petitioner in *Lopez* was contesting the Government's determination that he was deportable, pursuant to the INA (specifically, 8 U.S.C. § 1227(a)(2)(A)(iii)), as an "alien who [was] convicted of an aggravated felony at any time after admission." *See* 127 S. Ct. at 628 (explaining that aggravated felony determination disqualified Lopez, under 8 U.S.C. § 1229b(a)(3), from discretionary cancellation of removal). The aggravated felony determination was premised on Lopez's state conviction in South Dakota for aiding and abetting

---

[6]The INA defines "aggravated felony" in 8 U.S.C. § 1101(a)(43), which includes subparagraphs (A) through (U). The *Lopez* Court focused on subparagraph (B), which renders "illicit trafficking in a controlled substance" an aggravated felony.

[7]In so holding, the Supreme Court overruled our contrary decision in *United States v. Wilson*, 316 F.3d 506, 511-14 (4th Cir. 2003), to the extent we concluded therein that a state felony drug possession offense, punishable as only a federal misdemeanor, constitutes a "felony punishable under the Controlled Substances Act" and, thus, an aggravated felony under the INA. *See Lopez*, 127 S. Ct. at 629 n.3.

another person's possession of cocaine, *see id.*, "which state law treated as the equivalent of possessing the drug," *id.* at 629. The Supreme Court observed that, although Lopez's offense was a felony under South Dakota law, "[m]ere possession is not . . . a felony under the federal" Controlled Substances Act. *Id.* (citing 21 U.S.C. § 844(a)).[8] Accordingly, based on its holding "that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law," the Court reversed the aggravated felony determination. *Id.* at 633.[9]

## B.

Matamoros-Modesta challenges the district court's imposition of the aggravated felony enhancement under section 2L1.2(b)(1)(C) of the Sentencing Guidelines, with respect to his sentence for illegal reentry in contravention of the INA, 8 U.S.C. § 1326. By contrast, the petitioner in *Lopez* contested an aggravated felony determination that disqualified him under the INA, 8 U.S.C. § 1229b(a)(3), from discretionary cancellation of removal. The *Lopez* holding is clearly pertinent, however, to Matamoros-Modesta's sentencing contention. That is, both 8 U.S.C. §§ 1326(b)(2) and 1229b(a)(3) rely on the INA definition of aggravated felony found in 8 U.S.C. § 1101(a)(43), subpara-

---

[8]The *Lopez* Court acknowledged that the general proposition that the Controlled Substances Act punishes drug possession offenses as misdemeanors is subject to a few exceptions for, e.g., repeat offenders, persons who possess more than five grams of cocaine base, and persons who possess flunitrazepam. *See* 127 S. Ct. at 630 n.4 (citing 21 U.S.C. § 844(a)). Moreover, as the Court observed, "possessing more than what one person would have for himself will support conviction for the federal felony of possession with intent to distribute." *Id.* at 629 (citing 21 U.S.C. § 841).

[9]The *Lopez* Court also allowed that a state felony would satisfy the INA definition of aggravated felony found in 8 U.S.C. § 1101(a)(43)(B) if it "actually fell within the general term 'illicit trafficking,' . . . regardless of the existence of a federal felony counterpart." 127 S. Ct. at 631-32; *see also id.* at 630 (observing that "ordinarily 'trafficking' means some sort of commercial dealing"). The Court concluded that Lopez's offense conduct did not amount to "illicit trafficking," in that "[c]ommerce . . . was no part of Lopez's South Dakota offense of helping someone else to possess, and certainly it is no element of simple possession, with which the State equates that crime." *Id.* at 630.

graph (B) of which was interpreted by the *Lopez* Court. Moreover, as the *Lopez* Court acknowledged, the Sentencing Guidelines have adopted that same INA definition of aggravated felony for purposes of imposing the aggravated felony enhancement. *See* 127 S. Ct. at 628 (citing USSG § 2L1.2 cmt. n.3 (2005)). Indeed, several of our sister courts of appeals have applied *Lopez* in aggravated felony enhancement appeals. *See United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1216 (9th Cir. 2007) (observing that "it is beyond dispute that *Lopez* applies in both criminal sentencing and immigration matters"); *United States v. Estrada-Mendoza*, 475 F.3d 258, 261 (5th Cir. 2007) (concluding that "*Lopez* ineluctably applies with equal force to immigration and criminal cases"); *see also United States v. Pacheco-Diaz*, 506 F.3d 545, 548 (7th Cir. 2007); *United States v. Martinez-Macias*, 472 F.3d 1216, 1218 (10th Cir. 2007).

Under *Lopez*, the district court's determination that Matamoros-Modesta had been removed subsequent to an aggravated felony conviction constitutes error. As noted above, Matamoros-Modesta's PSR reflected two possible bases for the aggravated felony enhancement, i.e., his 1998 conviction in Texas for possession of cocaine, and his prior federal conviction in 2004 for illegal reentry. The Texas drug possession offense, though deemed a felony under state law, was not punishable as a felony under the federal Controlled Substances Act and, thus, cannot satisfy the INA definition of an aggravated felony found in 8 U.S.C. § 1101(a)(43)(B) and interpreted in *Lopez. See Lopez*, 127 S. Ct. at 630 n.4 (recognizing that Texas is among "[s]everal States [that] punish possession as a felony"); *see also Estrada-Mendoza*, 475 F.3d at 259-61 (invoking *Lopez* to vacate illegal reentry sentence where aggravated felony enhancement imposed on basis of prior Texas felony conviction for drug possession). Moreover — because the Texas drug possession offense does not constitute an aggravated felony, and because Matamoros-Modesta was not otherwise convicted of any INA-defined aggravated felony before his prior illegal reentry offense — the prior illegal reentry offense also does not qualify as an aggravated felony under the INA definition found in § 1108(a)(43)(O) (deeming prior illegal reentry offense to be aggravated felony if committed after removal on basis of conviction for another § 1108(a)(43) aggravated felony offense). Accordingly, the district court committed significant procedural error by imposing

the aggravated felony enhancement on Matamoros-Modesta, and he is entitled to resentencing.[10]

### III.

Pursuant to the foregoing, we vacate Matamoros-Modesta's illegal reentry sentence, and remand for resentencing.

*VACATED AND REMANDED*

---

[10]Matamoros-Modesta has acknowledged that he is subject to a four-level enhancement under section 2L1.2(b)(1)(D) of the Sentencing Guidelines, for having previously been removed following "a conviction for any other felony." Assuming all other Guidelines calculations stand (except a necessary change from a three- to a two-level adjustment for acceptance of responsibility, *see* USSG § 3E1.1), Matamoros-Modesta would have an offense level of 10, a criminal history category of V, and a resulting sentencing range of twenty-one to twenty-seven months. He also suggests that he should be resentenced under subsection (b)(1) of 8 U.S.C. § 1326 (establishing maximum ten-year sentence for illegal reentry in case of alien whose removal was subsequent to conviction for felony other than aggravated felony), rather than subsection (b)(2) (providing maximum twenty-year sentence where removal followed aggravated felony conviction). We leave these issues for the district court on remand.