PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARVIN MAROQUIN-BRAN,

*Defendant-Appellant.*

No. 08-4464

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Louise W. Flanagan, Chief District Judge.
(7:07-cr-00107-FL-1)

Argued: September 25, 2009

Decided: November 9, 2009

Before MOTZ and AGEE, Circuit Judges, and
Mark S. DAVIS, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge Agee and Judge Davis
joined.

## COUNSEL

**ARGUED**: G. Alan DuBois, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Raleigh, North Carolina, for Appel-

lant. Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

Marvin Maroquin-Bran, a Guatemalan citizen, pled guilty to illegally re-entering the United States following deportation. After applying the sixteen-level sentencing enhancement permitted by United States Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(A) (2008), the district court sentenced Maroquin-Bran to fifty-seven months in prison and three years of supervised release. Maroquin-Bran appeals that sentence. For the reasons that follow, we vacate and remand for resentencing.

### I.

The district court imposed the sentencing enhancement at issue here on the basis of a years-earlier California conviction and sentence.

In 1989, Maroquin-Bran pled guilty in California state court to selling or transporting marijuana, in violation of Cal. Health & Safety Code § 11360(a) (West 2007). The information in that case charged Maroquin-Bran with "the crime of SALE OR TRANSPORTATION OF MARIJUANA" and alleged that he "did willfully and unlawfully transport, import into the State of California, sell, furnish, administer, and give

away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport marijuana." The court sentenced him to probation and a two-year suspended prison sentence. The court later revoked his probation and imposed a two-year term of incarceration.

As a result of this conviction, the United States deported Maroquin-Bran following his imprisonment. In March 2002, he illegally re-entered the country. In August 2007, the Government charged Maroquin-Bran with illegal presence in the United States after having previously been deported, in violation of 8 U.S.C. § 1326 (2006). He pled guilty.

At sentencing, over defense counsel's objection, the district court imposed the sixteen-level enhancement that U.S.S.G. § 2L1.2(b)(1)(A) permits when a defendant re-enters illegally after being deported for a drug-trafficking conviction that resulted in a prison sentence of more than thirteen months. Relying on the probation officer's interpretation of § 2L1.2(b)(1)(A), the court found that Maroquin-Bran's 1989 California conviction for sale or transportation of marijuana constituted a qualifying prior conviction for purposes of the sixteen-level enhancement. Without the sixteen-level enhancement, but with the four-level enhancement for which Maroquin-Bran concedes he qualifies, his guideline range would be 15-21 months; with the sixteen-level enhancement the guideline imprisonment range was 57-71 months. Accordingly, the court sentenced Maroquin-Bran to fifty-seven months in prison, followed by three years of supervised release.

Maroquin-Bran timely noted this appeal.

## II.

As he did in the district court, Maroquin-Bran argues that his prior California conviction provides no basis for imposi-

tion of the sixteen-level enhancement. Section 2L1.2(b)(1)(A) provides that a court may apply a sixteen-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a *drug trafficking offense* for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A) (emphasis added). The Guidelines define a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* application note 1(B)(iv).

Maroquin-Bran's appeal requires us to determine whether the proper predicate for the sixteen-level enhancement is a prior conviction for actual drug trafficking activity (e.g., manufacture, import, export, distribution, dispensing of, or sale, or possession with intent to engage in any of these activities), or merely a prior conviction under a law that *inter alia* prohibits drug trafficking. Here, as in the district court, the Government relies on a nonbinding unpublished opinion, *United States v. Alvarez-Granados*, 228 F. App'x 350 (4th Cir. 2007), to argue for the latter conclusion. Brief of Appellee 11-13. The district court, following the probation officer's recommendation, adopted the Government's view. We must reverse because the interpretation of U.S.S.G. § 2L1.2(b)(1)(A) adopted in *Alvarez-Granados* conflicts with the plain meaning of the Guidelines.

Section 2L1.2(b)(1)(A) requires a prior "conviction for a felony that *is* a drug trafficking offense," not simply a conviction under a statute that criminalizes drug trafficking as well as other activities (emphasis added). The predicate conviction must itself be a drug trafficking offense. To adopt the district court's interpretation would require rewriting the Guideline to require a prior "conviction for a felony that is an offense under a drug trafficking statute." This rewriting is beyond our purview as a court and properly remains the domain of either

the Sentencing Commission or the Congress. *See United States v. Harris*, 128 F.3d 850, 855 (4th Cir. 1997) (declining to "rewrite the Guidelines and bypass the framework created by the Commission").

Therefore, if a statute prohibits several offenses, some which constitute drug trafficking and others which do not, the defendant must have been convicted of an offense that specifically involves drug trafficking before the sentencing court can adopt the enhancement. In so concluding, we join every other circuit to have considered, in a published opinion, whether a prior conviction under a statute that criminalizes both trafficking and non-trafficking conduct qualifies as a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A). *See United States v. Medina-Almaguer*, 559 F.3d 420, 422-23 (6th Cir. 2009); *United States v. Lopez-Salas*, 513 F.3d 174, 177-78, 180 (5th Cir. 2008) (per curiam); *United States v. Garcia-Medina*, 497 F.3d 875, 877 (8th Cir. 2007); *United States v. Almazan-Becerra*, 482 F.3d 1085, 1089-90 (9th Cir. 2007); *cf. United States v. Herrera-Roldan*, 414 F.3d 1238, 1240 (10th Cir. 2005); *United States v. Madera-Madera*, 333 F.3d 1228, 1231-33 (11th Cir. 2003).

This interpretation comports with the rationale behind a sentencing enhancement designed "'to insure that those illegal re-entry defendants with [more] serious prior offenses receive more serious sentences.'" *Herrera-Roldan*, 414 F.3d at 1244 (alteration in original) (quoting the Government's explanation of § 2L1.2(b)'s purpose). A *drug-trafficking* enhancement should, of course, enhance the sentences of *drug traffickers*—and not others. To adopt the Government's view could yield an absurd and unjust result: a check forger convicted under an omnibus law that also prohibited drug sales would qualify for this enhancement. The interpretation we adopt here, based on the Guidelines' plain meaning, tailors the enhancement to the drug traffickers it targets.

### III.

The question remains whether Maroquin-Bran's particular prior conviction provided a proper basis for the enhancement. We review *de novo* a district court's interpretation of the Guidelines, and thus its determination that a prior conviction qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A). *See United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006).

To determine whether a prior conviction supports an enhancement, a court must first compare the "statutory definition of the prior offense" to the Guidelines' definition of a qualifying prior offense. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). Applying the Guidelines' definition of "drug trafficking offense" to the case at hand, Maroquin-Bran's prior conviction under Cal. Health & Safety Code § 11360 does not, as we have explained above, categorically qualify him for the enhancement as a matter of statutory definition. Section 11360 prohibits two offenses: sale of marijuana and transportation of marijuana. The former properly triggers the sixteen-level sentencing enhancement, but the latter may not. *See California v. Rogers*, 486 P.2d 129, 134 (Cal. 1971). If the California court did not convict Maroquin-Bran for drug-trafficking conduct, the district court cannot enhance his sentence under § 2L1.2(b)(1)(A).

When, as here, the underlying statute prohibits both qualifying and non-qualifying offenses, the sentencing court may "determin[e] the character of" the prior offense by "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Given that the district court in this case did not have the benefit of the proper interpretation of § 2L1.2(b)(1)(A), we vacate the sentence and remand for resentencing in accor-

dance with this opinion. On remand, if the district court determines that, based on *Shepard*-approved documents, the Government can demonstrate that the California court convicted Maroquin-Bran for drug-trafficking activity, it can apply the sixteen-level enhancement. If the district court determines that the Government cannot demonstrate that the California court convicted Maroquin-Bran for drug-trafficking activity, it cannot base the sixteen-level enhancement on the California conviction.*

## IV.

For the foregoing reasons, we vacate the sentence and remand for resentencing.

*VACATED AND REMANDED*

---

*Maroquin-Bran also contends that the district court, in determining that his California conviction constituted an "aggravated felony," improperly made him eligible for a twenty-year maximum term of imprisonment under 8 U.S.C. § 1326(b)(2) and an eight-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Given that the district court imposed neither the twenty-year maximum nor the eight-level enhancement, we address these arguments only because of their possible relevance on remand. "Aggravated felony" has the same meaning under both the statutory and guideline provisions. *See United States v. Matamoros-Modesta*, 523 F.3d 260, 264 (4th Cir. 2008). Such a felony requires "illicit trafficking in a controlled substance . . . , including a drug trafficking crime." *Id.* application note 3(A); 8 U.S.C. § 1101(a)(43)(B) (2006). Mere possession does not constitute "illicit trafficking" or a "drug trafficking crime." *See* 18 U.S.C. § 924(c)(2) (2006); 21 U.S.C. § 841(a) (2006); *Lopez v. Gonzales*, 549 U.S. 47, 53 (2006). Thus, on remand, the district court cannot impose either the twenty-year maximum or the eight-level enhancement on the basis of the California conviction—unless it determines that the conviction constituted a trafficking crime.