**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4226**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN MAROQUIN-BRAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Louise W. Flanagan, District Judge.  (7:07-cr-00107-FL-1)

Submitted:   September 8, 2011        Decided:  October 13, 2011

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Eric Evenson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Maroquin-Bran returns to this court to challenge the application of a sixteen-level sentencing enhancement under § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines ("U.S.S.G."). Given our recent decision in United States v. Vann, No. 09-4298 (4th Cir. Oct. 11, 2011) (en banc), we hold that Maroquin-Bran's prior conviction does not support application of the enhancement. Accordingly, we vacate the judgment of the district court and remand for resentencing.

I.

We previously considered Maroquin-Bran's case in United States v. Maroquin-Bran, in which we described the circumstances leading to his 1989 California conviction, his resulting deportation, his subsequent illegal reentry, and his most recent offense. 587 F.3d 214, 216 (4th Cir. 2009). After clarifying the requirements of U.S.S.G. § 2L1.2(b)(1)(A), we determined that Maroquin-Bran's 1989 guilty plea to a violation of California Health & Safety Code § 11360(a) was not categorically a "drug trafficking offense" under § 2L1.2(b)(1)(A). We reasoned that although the California statute "prohibits two offenses: sale of marijuana and transportation of marijuana," only the "former properly triggers

2

the sixteen-level sentencing enhancement." Id. at 218.[*] Accordingly, we remanded the case to the district court to examine the Shepard-approved documents and "determin[e] the character of" Maroquin-Bran's offense. Id. (citing Shepard v. United States, 544 U.S. 13, 16 (2005)).

On remand the Government offered three documents for the court's consideration: (1) the criminal information, which in count 1 charged a violation of § 11360(a) and stated that Maroquin-Bran "did willfully and unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport marijuana"; (2) the abstract of judgment, which indicated that Maroquin-Bran pled guilty to § 11360 "sale/TRANSP MARIJUANA" on 3/9/89; and (3) a four page compilation of case records, which

---

[*] Cal. Health & Safety Code § 11360(a) provides that:

> Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

Cal. Health & Safety Code § 11360(a) (West 2011).

3

indicated that Maroquin-Bran pled guilty to count 1 of the information -- a violation of "§ 11360(a) H&S."  The record does not contain a transcript of the guilty plea.

The district court observed that the information charged Maroquin-Bran in the conjunctive, replacing the word "or" in the statute with the word "and."  Based on this, the court concluded that "it need not look any further to determine that [Maroquin-Bran]'s California conviction" was for the sale of marijuana and thus qualified for the sixteen-level enhancement.

## II.

In Vann, we recently confronted a similar factual scenario.  There the defendant pled guilty to an indictment that conjunctively charged violations of different subsections of a North Carolina statute.  Only one of those subsections, however, qualified as an ACCA predicate offense.  We held that the charge and plea alone provided no basis to hold the defendant's "convictions 'necessarily' rest[ed]" on the qualifying offense. See Vann, slip op. at 9 (per curiam).

The documents proffered by the Government in the case at hand are equally unedifying.  Count 1 of the information tracks the language of the California statute, except in the conjunctive.  As we held in Vann, "it is settled that a charging

4

document must allege conjunctively the disjunctive components of an underlying statute." Vann, slip op. at 6 (per curiam); see also In re Bushman, 463 P.2d 727, 732 (Cal. 1970), disapproved of on other grounds, People v. Lent, 541 P.2d 545, 548 n.1 (Cal. 1975) ("When a statute . . . lists several acts in the disjunctive, any one of which constitutes an offense, the complaint, in alleging more than one of such acts, should do so in the conjunctive to avoid uncertainty."). Moreover, the abstract of judgment and compilation of case records simply refer to the charge or the statute. None of these documents provide any basis to conclude that Maroquin-Bran's conviction was "necessarily" for the qualifying offense, i.e. a drug sale and not just transportation of illegal drugs. Accordingly, application of the sixteen-level enhancement was inappropriate.

## III.

For the foregoing reasons, we vacate the judgment of the district court and remand the case for resentencing.

VACATED AND REMANDED

5