**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4061**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN ANGEL BACA-ARIAS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, Chief District Judge.  (4:13-cr-00012-D-1)

_____

Submitted:  December 31, 2014     Decided:  January 12, 2015

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Angel Baca-Arias pled guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to forty-six months of imprisonment. On appeal, Baca-Arias challenges the sixteen-level enhancement to his base offense level, arguing that his California conviction for possession of marijuana for sale is not a "drug trafficking offense" for purposes of the illegal reentry Guideline. U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(i) (2013). Baca-Arias also challenges his indictment and conviction for illegal reentry on the basis of the five-year statute of limitations. See 18 U.S.C. § 3282(c) (2012). We affirm.

When a defendant challenges the district court's calculation of the Sentencing Guidelines range, we review the district court's "legal conclusions de novo and its factual findings for clear error." United States v. Medina-Campo, 714 F.3d 232, 234 (4th Cir.), cert denied, 134 S. Ct. 280 (2013). To determine whether a state conviction qualifies as an aggravated felony under the Immigration and Nationality Act ("INA"), courts use a "categorical approach," comparing the state offense to an offense listed in the INA. Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013); Medina-Campo, 714 F.3d at 235. A state drug trafficking crime satisfies the categorical

2

approach when it "'necessarily' proscribe[s] conduct that is an offense under the CSA, and the CSA . . . 'necessarily' prescribe[s] felony punishment for that conduct." Moncrieffe, 133 S. Ct. at 1685. Baca-Arias's conviction of possessing marijuana for sale, under California Health and Safety Code § 11359, qualifies categorically as an aggravated felony under the INA and, therefore, is a drug trafficking offense within the meaning of USSG § 2L1.2(b)(1)(A)(i). See United States v. Martinez-Rodriguez, 472 F.3d 1087, 1095 (9th Cir. 2007) (holding that a conviction under California Health and Safety Code § 11359 "categorically qualifies as a 'drug trafficking offense' under the Guidelines"); see also United States v. Maroquin-Bran, 587 F.3d 214, 218 (4th Cir. 2009) (noting that a California statute that prohibits the sale of marijuana "properly triggers the sixteen-level sentencing enhancement"). Therefore, the district court properly enhanced Baca-Arias's offense level.

Turning to Baca-Arias's statute of limitations argument, we first note that he did not assert this defense in the district court. It has long been the law in this Circuit that a valid guilty plea waives all nonjurisdictional defenses. United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). "The statute of limitations set forth in 18 U.S.C. § 3282 is not jurisdictional. It is an affirmative defense that may be

3

waived." United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994) (internal quotation marks omitted).

In this case Baca-Arias waived the nonjurisdictional statute-of-limitations defense by entering a valid guilty plea. See United States v. Olano, 507 U.S. 725, 732-33 (1993) ("Deviation from a legal rule is 'error' unless the rule has been waived."); United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) (noting that a claim for relief is not reviewable on appeal when it is waived).

Accordingly, we affirm Baca-Arias's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED