**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4225**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE JUNIOR LILLY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, Chief District Judge. (1:23-cr-00359-CCE-1)

_____

Submitted: February 9, 2026                   Decided: April 17, 2026

_____

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Clifton T. Barrett, United States Attorney, Stephen T. Inman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Junior Lilly ("Appellant") was convicted in the Middle District of North Carolina of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Appellant argues that § 922(g)(1) is unconstitutional as applied to him. Appellant also contends that the district court miscalculated his sentencing range when sentencing him.

We reject both arguments. Appellant's constitutional challenge to § 922(g)(1) is foreclosed by circuit precedent, and his sentencing challenge cannot prevail in light of our settled framework for reviewing sentencing calculations.

Therefore, we affirm.

I.

In May 2023, law enforcement in Norwood, North Carolina responded to a report that a person was threatening someone else with a firearm. An officer arrived at the scene and found Appellant standing next to a moped. After some back and forth (and a call for backup), the officers seized Appellant.[1] The officers found a loaded Glock 26 handgun in Appellant's hoodie pocket.

At the time, Appellant already had multiple prior felony convictions. His first felony conviction came in 2012, when he was convicted of possession with intent to manufacture, sell, or deliver a Schedule II controlled substance in North Carolina state court. Appellant's second and third felonies came as a pair: in 2014, he was convicted in

---

[1] Appellant does not contest the constitutionality of this seizure.

2

North Carolina state court of (1) being a felon in possession of a firearm and (2) felony possession with intent to sell or deliver marijuana. Those two convictions were consolidated for judgment pursuant to North Carolina law. Appellant's fourth and then-final felony conviction came in 2017, when he was again convicted of being a felon in possession of a firearm, this time in federal court in the Western District of North Carolina.

As a result of the May 2023 encounter with law enforcement, a grand jury sitting in the Middle District of North Carolina indicted Appellant for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Appellant moved to dismiss the indictment, arguing that, pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), § 922(g)(1) is unconstitutional as applied to him. The district court denied the motion, and Appellant pled guilty. His plea agreement preserved the right to appeal the denial of his *Bruen* motion.

At sentencing, the district court used Section 2K2.1 of the United States Sentencing Guidelines ("Guidelines") to calculate Appellant's Guidelines range. In doing so, the district court concluded that Appellant's 2012 and 2014 North Carolina drug convictions counted as prior felony convictions for controlled substance offenses and, in accordance with Section 2K2.1(a)(2), set Appellant's base offense level at 24. The district court ultimately calculated Appellant's Guidelines range to be 70 to 87 months. The court imposed a low end sentence of 70 months of imprisonment to be followed by a three year term of supervised release.

This appeal followed.

3

II.

"When reviewing the denial of a defendant's motion to dismiss an indictment, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Skinner*, 70 F.4th 219, 223 (4th Cir. 2023).

Further, "[w]e review a district court's sentencing determinations 'whether inside, just outside, or significantly outside the Guidelines range . . . under a deferential abuse-of-discretion standard.'" *United States v. Cox*, 165 F.4th 249, 252 (4th Cir. 2026) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In doing so, we must first "ensure that the district court committed no significant procedural error." *United States v. Banks*, 104 F.4th 496, 523 (4th Cir. 2024) (quoting *Gall*, 552 U.S. at 51). Potential procedural errors include "improperly calculating the [G]uideline range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors or failing to adequately explain its chosen sentence." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020). When "assessing whether a district court properly calculated the Guidelines range," we "review[] the district court's legal conclusions de novo and its factual findings for clear error." *Id.* (quoting *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012)). Once we have "assur[ed] ourselves that the sentence is procedurally reasonable[,] we turn to the question of substantive reasonableness, which requires 'taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Banks*, 104 F.4th at 523 (quoting *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019)).

4

III.

Appellant lodges two challenges on appeal. He first contends that § 922(g)(1) is unconstitutional as applied to him. Appellant next contends that the district court erred in setting his base offense level at 24 when calculating his Guidelines sentencing range. Both of Appellant's arguments lack merit.

A.

Appellant's as applied challenge to § 922(g)(1) is foreclosed by circuit precedent. *United States v. Hunt*, 123 F.4th 697, 702–08 (4th Cir. 2024) (categorically foreclosing all as applied challenges to § 922(g)(1)); *see also United States v. Holman*, -- F.4th --, No. 25-4041, 2026 WL 850185, at *2 (4th Cir. Mar. 27, 2026) ("[T]he rule announced in *Hunt* covers *all* as-applied challenges to § 922(g)(1)." (emphasis in original)). Beyond that, Appellant concedes as much in his briefing. Appellant's Br. at 10 (conceding that "Fourth Circuit precedent currently forecloses an as applied challenge to § 922(g)(1)").

Bound by *Hunt*, we reject Appellant's first assignment of error. *See Demetres v. E. Wing Constr., Inc.*, 776 F.3d 271, 275 (4th Cir. 2015) ("Only [our] full court, sitting en banc, can overrule a panel decision.").

B.

Appellant's second assignment of error -- that the district court miscalculated his Guidelines range -- fares no better.

1.

Guidelines Section 2K2.1 guides the sentencing calculation for a defendant convicted of a firearm offense. The base offense level under that section varies from 6 to

5

26, depending on the circumstances. *See* U.S.S.G. § 2K2.1(a). Pursuant to Section 2K2.1(a)(2), a base offense level of 24 applies "if the defendant committed any part of the instant offense [after] sustaining at least two felony convictions of either [1] a crime of violence or [2] a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). If, on the other hand, "the defendant committed any part of the instant offense [after] sustaining one felony conviction of either [1] a crime of violence or [2] a controlled substance offense," then a base offense level of 20 applies. U.S.S.G. § 2K2.1(a)(4)(A).

Here, the district court concluded that Appellant had two prior felony convictions for controlled substance offenses -- one in 2012 for possession with intent to manufacture, sell, or deliver a Schedule II controlled substance, and another in 2014 for possession with intent to sell or deliver marijuana -- and thus set Appellant's base offense level at 24.

Appellant argues that was error. Appellant posits that his 2014 marijuana conviction should not have counted as a prior felony conviction for a controlled substance offense, and he therefore should have received a base offense level of 20, rather than 24.[2] This is so, Appellant says, because the Guidelines commentary provides that only those prior felony convictions that received criminal history points count against him when setting his base offense level. *See* U.S.S.G. § 2K2.1 cmt. n.10 ("For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points."). And, because his 2014 marijuana conviction did not receive any criminal history

---

[2] Appellant does not dispute that his 2012 felony conviction for possession with intent to manufacture, sell, or deliver a Schedule II controlled substance qualifies as a prior felony conviction for a controlled substance offense.

points due to it being consolidated into a single judgment with a more serious firearm offense under North Carolina law, Appellant asserts the district court should not have counted that prior felony conviction. *See United States v. Davis*, 720 F.3d 215, 219 (4th Cir. 2013) (explaining how only the most serious offense of conviction in a North Carolina consolidated judgment earns criminal history points).

But this argument runs counter to, and cannot be squared with, our settled methodology for interpreting the Guidelines. "When deciding whether to defer to the Guidelines' commentary, we apply the framework set forth in *Kisor v. Wilkie*, 588 U.S. 558 (2019)." *United States v. Boler*, 115 F.4th 316, 322 (4th Cir. 2024). Pursuant to that framework, we defer to the Guidelines' commentary if, but only if, the Guidelines text is "genuinely ambiguous" and uncertainty remains "even after [we] ha[ve] resorted to all the standard tools of interpretation, including consideration of the text, structure, history, and purpose of a regulation." *Id.* at 323 (internal quotation marks omitted) (quoting *Kisor*, 588 U.S. at 573, 575). But if the Guidelines' text is free from ambiguity, then "there is no plausible reason" to defer to the commentary -- so we apply the Guidelines as written. *Id.* (quoting *Kisor*, 588 U.S. at 574–75).

As explained above, the Guidelines call for a base offense level of 24 "if the defendant committed any part of the instant offense [after] sustaining at least two felony convictions of either [1] a crime of violence or [2] a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). We see no ambiguity there. By the plain terms of that section, a prior felony conviction counts so long as it was for a controlled substance offense. Nothing more is required. Thus, *Kisor* precludes us from looking to the Guidelines' commentary

7

in this instance, and the district court properly concluded that Appellant's 2014 conviction for possession with intent to sell or deliver marijuana was a prior felony conviction for a controlled substance offense.

### 2.

Further, we note that Appellant's preferred reading of Section 2K2.1(a)(2) is not just atextual -- it would essentially re-write that section. If Appellant had his way, what now states, "two felony convictions [for] a controlled substance offense" would be revised to say, "two felony convictions [for] a controlled substance offense *that received criminal history points*." But re-writing the Guidelines is outside of our bailiwick. That is a task reserved for the Sentencing Commission or Congress. *United States v. Maroquin-Bran*, 587 F.3d 214, 217 (4th Cir. 2009) ("[R]ewriting [the Guidelines] is beyond our purview as a court and properly remains the domain of either the Sentencing Commission or the Congress.").

### 3.

Finally, Appellant argues that the Government should be collaterally estopped from arguing that he earned a base offense level of 24 here because, during Appellant's 2017 criminal case in the Western District of North Carolina, the Government conceded that the 2014 marijuana conviction was not a qualifying prior felony conviction for a controlled substance offense. While it is true that the Government previously conceded this issue in a different case, Appellant is wrong to invoke collateral estoppel. Collateral estoppel does not apply when there has been a sea change in the governing body of law. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 218 (4th Cir. 2006) ("[T]he doctrine of collateral estoppel

8

does not apply to a legal ruling if there has been a 'major' change in the governing law since the prior adjudication that 'could render [the] previous determination inconsistent with prevailing doctrine.'" (second alteration in original) (quoting *Montana v. United States*, 440 U.S. 147, 161 (1979))). And, critically, Appellant's previous victory on this legal issue came in 2017 -- two years before *Kisor* was decided, and five years before we adopted the *Kisor* framework, which completely rewired our Guidelines analysis.[3] *See United States v. Campbell*, 22 F.4th 438, 444–47 (4th Cir. 2022) (adopting the *Kisor* framework for Guidelines challenges), *overruled in part on other grounds by Guidelines amendment as recognized in*, *United States v. Jackson*, 127 F.4th 448, 451 n.2 (4th Cir. 2025); *see also United States v. Mitchell*, 120 F.4th 1233, 1238–41 (4th Cir. 2024) (reviewing the effect *Campbell*'s adoption of *Kisor* had on our approach to Guidelines questions). Thus, collateral estoppel is inapplicable here.

## IV.

In sum, Appellant cannot challenge the constitutionality of § 922(g)(1) as applied to him, and we can discern no error in his sentencing.[4] Therefore, the judgment below is

*AFFIRMED*.

---

[3] Prior to *Campbell*'s adoption of *Kisor*, we followed the holding of *Stinson v. United States*, 508 U.S. 36, 38 (1993): "th[e] commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."

[4] Appellant does not challenge the substantive reasonableness of his sentence, and we see no issue upon our own review of the record.